Minute Order Form (06/97)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5147 | **DATE** | 10/18/2002 |
| **CASE TITLE** | Tower Asset Sub, Inc. Vs. McHenry County Conservation etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss counts I and II of plaintiff's complaint is granted. Status hearing set for November 7, 2002 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | OCT 21 2002 date docketed | | |
| ✓ | Docketing to mail notices. | | | | 10 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| WAH | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TOWER ASSET SUB, INC., a Delaware )
corporation, )
 )
        Plaintiff, )
 )
vs. ) No. 02 C 5147
 )
McHENRY COUNTY CONSERVATION )
DISTRICT, )
 )
        Defendant. )

DOCKETED
OCT 21 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff Tower Asset Sub, Inc. (Tower Asset) brought this action against defendant McHenry Country Conservation District (Conservation District) alleging violations of the Telecommunications Act, 47 U.S.C. § 332(c)(7)(B)(i)(II), civil rights violations pursuant to 42 U.S.C. § 1983, and contract claims. Defendant filed this motion to dismiss Counts I and II of plaintiff's complaint. For the following reasons, that motion is granted.

## BACKGROUND

The facts are taken from plaintiff's complaint. Tower Asset is in the business of owning and operating towers that house wireless communications facilities. Typically, plaintiff leases real property from owners under terms that allow it to construct, maintain and operate towers that can hold wireless communication equipment for several providers.

On May 19, 1994, the Conservation District entered into an agreement with Smart SMR of Illinois, Inc. d/b/a Nextel Communications (Nextel) allowing Nextel to construct, maintain and operate a tower on land owned by the Conservation District in exchange for monthly

payments. Plaintiff is the successor-in-interest to Nextel and since September 1999 the Conservation District has received and accepted the monthly payments from Tower Asset. Nextel currently owns and operates the only wireless equipment installed on the tower. Under the agreement plaintiff has the right to use the premises for any lawful purpose and may transfer, with defendant's consent, its interest in the premises, which consent may not be unreasonably withheld.

Plaintiff has agreements with various national wireless providers, including VoiceStream, Verizon and Cingular, pursuant to which these providers pay for the right to maintain and operate wireless equipment on plaintiff's towers. Plaintiff hoped to enter into agreements with VoiceStream, Verizon and Cingular to install equipment on the tower on the Conservation District's land. The Conservation District conditioned approval of such installation on a series of specific conditions. The conditions would drastically increase the costs to Tower Asset and make the deals with the additional wireless providers impossible.

## DISCUSSION

In deciding a Rule 12(b)(6) motion to dismiss, the court must assume the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Plaintiff's complaint consists of four counts: one alleging that defendants violated the Telecommunications Act, 47 U.S.C. § 332(c)(7)(B)(i)(II), one alleging a violation of 42 U.S.C. § 1983, and two arising from the contract. Defendant moves to dismiss the first two.

Count I - Telecommunications Act

47 U.S.C. § 332 represents a compromise in the Telecommunications Act of 1996. Congress sought to provide for the development of nationwide wireless services by facilitating deregulation and encouraging competition, all while allowing state and local governments to retain control over zoning decisions. *See* 142 Cong.Rec. H1078-03, *H1134. Local zoning decisions are subject to a series of limitations. Specifically, "[t]he regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof – shall not prohibit or have the effect of prohibiting the provision of wireless services." 47 U.S.C. § 332(c)(7)(B)(i)(II).

Plaintiff claims that conditioning the approval of the installation of the new equipment on the rent increase has the "effect of prohibiting the provision of wireless services" because it will result in plaintiff's inability to add VoiceStream, Verizon and Cingular's equipment to the tower. The problem for plaintiff is that the defendant's actions do not amount to regulation. Congress intended to ensure that state and local governments would not wield their zoning power in a way that burdened wireless development by failing to approve equipment installations that would eliminate significant coverage gaps[1] and increase the availability of wireless services. *See* 142 Cong.Rec. H1078-03, *H1134. But here the defendant acts as a landlord, not as a regulator, which seeks additional compensation for additional use of its land. There is nothing to suggest that plaintiff cannot lease other space owned by others nearby. Congress did not intend to interfere in contract disputes between a landlord and a

---

[1] *See* Cellular Telephone Co. v. Zoning Bd. of Adjustment of the Borough of Ho-Ho-Kus, 197 F.3d 64, 70 (3d Cir. 1999) (requiring wireless provider to demonstrate that decision to prohibit wireless communication must result in "significant gaps in the availability of wireless services" to state a claim under §332). In the present case, plaintiff does not allege that defendant's actions will result in significant gaps in coverage, even from the specific providers.

tenant that happens to lease space to wireless providers, particularly *after* a tower has been constructed in the area. Plaintiff's complaint amounts to nothing more than a breach of the contract.

## Count II - § 1983

While there is a split of authority on the issue of whether the Telecommunications Act creates a right that can give rise to a § 1983 violation[2], we do not need to answer that question here. As stated above, the defendant has not infringed on any right that the plaintiff may have pursuant to the Telecommunications Act.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss Counts I and II of plaintiff's complaint is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 18, 2002.

---

[2] *See* Nextel Partners Inc. v. Kingston Tp., 286 F.3d 687 (3rd Cir. 2002) (holding that the Telecommunications Act cannot give rise to a §1983 claim); *see also* AT&T Wireless PCS, Inc. v. City of Atlanta, 210 F.3d 1322 (11th Cir. 2000), *vacated pending reh'g en banc*, 260 F.3d 1320 (11th Cir. 2000), *and appeal dismissed per stipulation*, 264 F.3d 1314 (11th Cir. 2001) (holding that plaintiffs do have a §1983 claim under the Telecommunications Act, in a decision that was reversed on other grounds).