

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 5147 | DATE | 8/27/2003 |
| CASE TITLE | Tower Asset Sub, Inc. Vs. McHenry County Conservation District | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the foregoing reasons, plaintiff's motion for summary judgment is granted. Status hearing set for September 24, 2003 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | **Document Number** |
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | SEP 02 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | U.S. DISTRICT COURT | docketing deputy initials | 17 |
| | Copy to judge/magistrate judge. | | | | |
| | WAH | courtroom deputy's initials | 03 AUG 29 PM 4:06 | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

TOWER ASSET SUB, NC., )
)
       Plaintiff, )
)
vs. ) No. 02 C 5147
)
McHENRY COUNTY CONSERVATION )
DISTRICT, )
)
       Defendant. )

**DOCKETED**
**SEP 0 2 2003**

## MEMORANDUM OPINION AND ORDER

Plaintiff Tower Asset Sub, Inc. (TAS) brought this action against defendant McHenry County Conservation District (MCCD) alleging that defendant breached a license agreement by declining to allow plaintiff to license space on its telecommunications tower. Plaintiff filed a motion for summary judgment as to Count III of the complaint, seeking a declaratory judgment stating that it has the right to license the space. For the following reasons, plaintiff's motion is granted.

## BACKGROUND

TAS owns and operates telecommunications towers that house wireless communications equipment. On May 19, 1994 MCCD agreed to allow Smart SMR of Illinois Inc., d/b/a Nextel Communications (Nextel), to construct and maintain such a tower on property that it owns. TAS is the successor-in-interest to Nextel's rights and responsibilities under this licensing agreement. Pursuant to the agreement, plaintiff makes monthly payments to MCCD in exchange for the right to use a 60- by 60-foot square parcel of land on which it operates and maintains the tower.

The tower currently houses the equipment of one wireless service provider but it has

17

to TAS but to another wireless service provider. TAS itself is not engaged in the business of providing wireless service. Moreover, the agreement does not contain any terms that establish such a restriction on plaintiff's use of the tower. Nor does the agreement state that the licensee may not use the tower to house the equipment of multiple providers.

Defendant maintains that, because the agreement in question is a license rather than a lease, plaintiff does not have the full rights that would come with a lease. While it is well settled that leases and licenses are different legal entities, *see* <u>North Ave. Properties, L.L.C. v. Zoning Bd. of Appeals of City of Chicago</u>, 312 Ill. App. 3d 182, 191, 726 N.E.2d 65, 73 (1st Dist. 2000), this does not prevent the plaintiff from obtaining the rights that it bargained for when negotiating the license. Because the agreement's terms clearly allow the plaintiff to use the premises to house telecommunications equipment, the characterization of the agreement is unimportant.

Finally, the parties disagree as to the interpretation of paragraph 14 of the licensing agreement, which allows the licensee to assign its rights in the tower to other parties. The agreement states that the defendant may not unreasonably withhold consent for such assignments. The plaintiff, however, does not seek to assign any of its legal rights in the property to wireless providers, only to use its rights in the tower to house equipment. Such a use does not require defendant's consent and paragraph 14 is not implicated.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is granted.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　JAMES B. MORAN
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Senior Judge, U. S. District Court

_Aug. 27_, 2003.